JOHNSON, Judge.
Defendants below seek reversal of a final judgment, rendered pursuant to jury verdict, awarding plaintiff Oliver Gale $135,000 and plaintiff Geraldine Gale, his wife, $34,000, as damages arising out of an accident in which plaintiff Oliver Gale was injured.
The material facts of this case are as herein set forth. In 1969, Gilman Paper Company, located in Georgia, let two independent contracts for the erection, installation and construction of a multi-story boiler and a structure to house the boiler. One contract went to appellant Tidewater Construction Corporation to erect the *456 building which would house and surround the boiler. The other contract went to ap-pellee Oliver Gale’s employer, Babcock and Wilcox, for the installation of the boiler to be placed inside the structure erected by Tidewater. Appellant Tidewater let a subcontract to appellant W. W. Gay Mechanical Contractors, Inc. for the erection, placement and connection of steam lines running through the floor to the boiler.
While performing work for his employer, Babcock & Wilcox, appellee Gale was injured when he stepped into a twenty-four inch hole in the cement floor near the boiler. The present suit was instituted against appellant Tidewater and its subcontractor, W. W. Gay, to recover damages arising as a result of the accident, and verdicts were returned in favor of appellees as noted above.
We do not deem it necessary herein to set forth all the details adduced at the trial concerning the occurrence of the accident. The jurors, through voluminous testimony, were well-apprised of the physical surroundings of the facility in which the parties were performing their contracts; the appearance, dimensions and condition of the hole and collar surrounding it; the nature of each parties’ duties as well as normal operating procedures; and the factual details leading up to the accident.
The appellants herein challenge the sufficiency and competency of the evidence to support the verdicts rendered, the legal duties owed by them to appellee Oliver Gale, and the issue of proximate cause. We have thoroughly and carefully examined the entire record in this cause, as w.ell as the briefs filed by the respective parties. It is our conclusion that the issues raised by appellants in this appeal were properly submitted to the jurors with appropriate instructions from the trial judge. It is not the province of this Court to substitute its judgment for that of the trier of facts where, as in this case, there is substantial evidence to support the verdict and judgment entered. Appellants having failed to demonstrate that reversible error occurred in the proceedings below, the judgment appealed is accordingly affirmed.
WIGGINTON, Acting C. J., and SPEC-TOR, J., concur.